UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BRENDA HOGAN and RIPAWS, INC., *Plaintiffs,* vs. WALTER BARLOW, JR. and the CITY OF EAST PROVIDENCE, *Defendants.* | C.A. No. 06-149T |

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

Defendants,
By their Attorneys,

Marc DeSisto, Esquire 2757
DESISTO LAW
211 Angell Street
Providence, RI 02906
Tel.: 401-272-4442
Fax: 401-272-9937
Email: marc@desistolaw.com

## I. 42 U.S.C. §1983-First Amendment claim against Capt. Barlow

1. Plaintiff, Brenda Hogan, first seeks to recover against Capt. Barlow for the alleged violation of her First Amendment right to free speech pursuant to *42 U.S.C. § 1983*. Plaintiff specifically alleges that her right to Free Speech was violated as a result of the taped telephone conversation that took place between the defendant Captain Walter Barlow, Jr. and a third party, Kim Casci on April 12, 2003.

## I. 42 U.S.C. §1983-First Amendment claim against Capt. Barlow

2. Under section 1983, plaintiff has the burden of proving by a preponderance of the evidence:

a. The acts or omissions of the defendants were intentional;
b. The defendants acted under color of law, and
c. The acts or omissions of the defendants were the proximate and legal cause of the deprivation of the plaintiffs' rights protected by the Constitution of the United States, in this case the First Amendment.

## I. 42 U.S.C. §1983-First Amendment claim against Capt. Barlow

3. I will now define the term "under color of law." Acts are done under color of law when a person acts or purports to act in the performance of official duties under any State, County or Municipal law, ordinance or regulation. *Monroe v. Pape*, 365 U.S. 167 (1961), *overruled in part*, *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## I. 42 U.S.C. §1983-First Amendment claim against Capt. Barlow

4. As noted, in this case, plaintiff alleges that Capt. Barlow's statements violated plaintiff's constitutional right to free speech under the First Amendment. In its most general terms, the First Amendment protects the free exercise of speech as well as the right of people peaceably to assemble. *U.S. Const. Amend. I.*

## I. 42 U.S.C. §1983-First Amendment claim against Capt. Barlow

5. In the instant case, in order to prove that her First Amendment rights were violated, the plaintiff has to demonstrate that she was prevented from or "chilled" of her right to free speech by the intentional acts of Capt. Barlow. *Sullivan v. Carrick, 888 F.2d 1, 11 (1st Cir. 1989), citing United States v. Harris, 347 U.S. 612, 626 (1954)*.

**I. 42 U.S.C. §1983-First Amendment claim against Capt. Barlow**

6. I instruct you that a mere allegation that her speech rights were "chilled" does not amount to satisfying the causation requirement of a Section 1983 action. "Where a chilling effect is speculative, indirect or too remote, finding an abridgment of First Amendment rights is unfounded." *Sullivan v. Carrick, 888 F.2d 1, 11 (1st Cir. 1989)*.

## I. 42 U.S.C. §1983-First Amendment claim against Capt. Barlow

7. In order to assert her claim that her First Amendment rights were violated, Ms. Hogan must also establish that she has standing to bring her claim by showing that she "suffered an invasion of a legally-protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Providence Firefighters Local 799 et al*., *26 F.Supp 2d, at 354.* "An injury in fact" is one of the three irreducible, minimum constitutional elements of standing." *Id*.

## II. Municipal Liability Under §1983

1. I instruct you in the first instance that the City of East Providence cannot be found liable under § 1983 for violation of the plaintiff's constitutional rights unless and until you find that the individual officer, in this case, Capt. Barlow violated the plaintiff's constitutional rights. *City of Los Angeles vs. Heller 106 S.Ct 157 1 (1986)*.

**II. Municipal Liability Under §1983**

2. If you determine that Capt. Barlow violated plaintiff's constitutional right, you must then determine if a policy or practice of the City caused such deprivations. That is, a municipality can not be held liable under § 1983 simply because one of its officers violated an individual's constitutional rights. It is only liable when it can fairly said that the city itself is the wrong doer. *Collins v. Harkins Heights, 112 S.Ct. 1061, 1066 (1992).*

## II. Municipal Liability Under §1983

3. Therefore, in order for the plaintiff to prevail on a claim of violation of constitutional rights against the City of East Providence, the plaintiff must prove that it was an official policy of the City that caused the deprivation. This is different from the application of a policy used by an individual or employee of the city. You may not find the City liable for the discretionary acts of an employee in applying a policy that results in a violation of the plaintiff's constitutional rights.

## II. Municipal Liability Under §1983

4. Therefore, the wrongful conduct of a single officer without any policy-making authority does not establish municipal policy and therefore does not establish municipal liability. *Collins v. City of Harker Heights, Tex., 112 S.Ct. 1061, 1066 (1992).*

## II. Municipal Liability Under §1983

5. Rather, municipal liability is dependent upon a policy created by a decision-maker that possesses final authority to establish municipal policy with respect to the action ordered. *Pembaur v. City of Cincinnati, 475 U.S. 469, 481-82 (1986).* The official policy must be intended to and must establish a fixed plan of action to be followed under similar circumstances. *Id. at 481.* Any discretion in the application of a policy nullifies municipal liability. *Id.*

**II. Municipal Liability Under §1983**

6. The first hurdle in holding a municipality liable for a policy is to present sufficient evidence of an official policy or practice. An employee's actions alone are insufficient to establish municipal policy. *Rodriguez v. Furtado, 950 F.2d 805 (1st Cir 1991).*

## II. Municipal Liability Under §1983

7. Official policy means:

   a. A rule or regulation promulgated, adopted or ratified by the governmental entities legislative body; or;

   b. A policy, statement or decision that is officially made by the City of East Providence's policy making official; or;

   c. A custom that is permanent, widespread, well settled practice and constitutes a standard operating procedure of the City of East Providence; or;

   d. An act or omission ratified by the City of East Providence policy making official. *City of Canton, Ohio v. Harris, 489 U.S. 378, 389-90 (1989)*.

## II. Municipal Liability Under §1983

8. In summary, I instruct you that in order to find the municipality liable in this matter, the plaintiff must have produced sufficient evidence to show that:

e. The policy was official;

f. It was made by a final decision-maker;

g. It was followed;

h. It was wrong in all applications and did not allow discretion;

i. It resulted in actual harm.

*Pembaur v. City of Cincinnati, 475 U.S. 469,481-482 (1986)*.

## III. Libel and Defamation

1. Plaintiffs also allege that Capt. Barlow defamed them by through his public statements. The elements for defamation are as follows:

   a. The utterance of a false and defamatory statement concerning another;

   b. An unprivileged communication to a third party;

   c. Fault amounting to at least negligence; and

   d. Actual and provable damages.

   *Alves v. Hometown Newspapers, Inc., d/b/a The Kent County Daily Times et al., 857 A.2d 743, 750 (R.I. 2001).*

## III. Libel and Defamation

2. The burden is on the plaintiff to prove that the defendant communicated a false defamatory statement about her to a third party.

**III. Libel and Defamation**

3. A defamatory statement is one where it is shown "that the statement is false and malicious, imputing conduct which injuriously affects a person's reputation or which tends to degrade her in society or bring her into public hatred and contempt." *Id.*, quoting *DiBattista v. State*, *808 A.2d 1081, 1088 (R.I. 2001)*.

**III. Libel and Defamation**

*4.* The plain and ordinary meaning and the context of the publication are taken into account in considering whether or not the statement or conduct is defamatory. *Id.*

## III. Libel and Defamation

5. I also instruct you on the principle of fair comment which is a defense to a party's claim of defamation. This principle affords immunity to a defendant for the honest expression of opinions on matters of legitimate public interest when such opinions are based upon true statements of fact. *Leddy v. Narragansett T.V., L.P., 843 A.2d 481, 488 (R.I. 2004)*.

## IV. Intentional Infliction of Emotional Harm

1. Under Rhode Island law, in order to maintain an action for intentional infliction of emotional harm, plaintiffs must demonstrate five things:

a. First, plaintiffs must prove by clear and convincing evidence that the conduct of the officer was intentional or in reckless disregard of the probability of causing emotional distress. *Champlin v. Washington Trust Co., 478 A.2d 985, 989 (R.I. 1984)*.

b. Second, plaintiffs must prove by clear and convincing evidence that the conduct of the officer was extreme and outrageous. *Id.*

c. Thirdly, you must find that there is a causal connection between the alleged wrongful conduct and plaintiffs' alleged emotional distress. *Id.*

d. Fourth, plaintiffs must prove by clear and convincing evidence that the alleged emotional distress in question was severe. *Id.*

e. Finally, the plaintiff must also provide at least some proof of medically established physical symptomatology of the alleged emotional distress. *Id.* *Curtis v. State Department Children and their Families, 522 A.2d 203, 208 (R.I. 1987); Clift v. Narragansett Television L.P., 688 A.2d 805, 812-14 (R.I.1996).*

## IV. Intentional Infliction of Emotional Harm

2. In determining whether the plaintiffs have established that the officer's actions were extreme and outrageous under this standard, I caution you that "it [is] not . . . enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. *Restatement (Second) of Torts (1965), § 46, comment (d).*

**IV. Intentional Infliction of Emotional Harm**

3. Rather, in order to meet the "extreme and outrageous" standard, a plaintiff must demonstrate that the defendant's conduct:

> has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim "Outrageous." *Restatement (Second) of Torts (1965), § 46, comment (d).*

*See also Swerdlick v. Koch, 721 A.2d 849, 863 (R.I. 1998).*

## V. Damages

1. I will now turn to the question of damages. In discussing damages, I do not, in any way, mean to suggest an opinion that the Defendants are legally responsible or liable for the damages being claimed. That is a matter for you do decide. Since I do not know how you are going to decide the case, I am instructing you about damages only so that if you find that the Defendants are liable, you will know what principles govern an award of damages. You are instructed on damages in order that you may reach a sound and proper determination of the amount you will award as damages, if any, in the event that you find the Defendants are liable. You need consider the question of damages only if you find that the Defendants are liable. If you do not find liability, no award of damages can be made.

## V. Damages

2. Since damages are an element of the Plaintiffs' claims, the burden of proof as to the existence and extent of damages is on the plaintiffs and is the same as to the other elements of their claims – a fair preponderance of the evidence.

**V. Damages**

3. In other words, you may make an award for damages only to the extent that you find damages have been proven by a fair preponderance of the evidence. You may not base an award of damage or the amount of any such award on speculation or guesses or sympathy. You must base any award of damages on the evidence presented and on what you consider to be fair and adequate compensation for such damages as you find have been proven.

## VI. Damages for Constitutional Deprivation

1. I will now give you separate instructions on damages relating to plaintiffs' constitutional claim. If you find for the plaintiff on plaintiff's claim that her constitutional right to free speech has been violated, you must determine what, if any, damages were suffered by plaintiff as a result of the defendants' actions. As with damages relating to the state law claims, Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury and or property damage you find was proximately and legally caused by the defendant.

## VI. Damages for Constitutional Deprivation

2. Remember, throughout your deliberations you must not engage in any speculations, guess, or conjecture and you must not award any damages under this Instruction by way of punishment or through sympathy.

## VI. Damages for Constitutional Deprivation

3. The damages which may be recovered under 42 U.S.C. § 1983, are of three types: actual or compensatory, nominal and punitive. *Memphis Community School Dist. v. Stachura*, 477 U.S. 299 (1986). The actual or compensatory damages are to "compensate persons for injuries that are caused by the deprivation of constitutional rights." This standard requires you to find that plaintiffs suffered *actual damages.* That is, you cannot assign damages based solely on your "perception of the abstract 'importance' of a constitutional right." *Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 310 (U.S., 1986).* See also Carey v. Piphus, 435 U.S. 247 (1978).

## VI. Damages for Constitutional Deprivation

4. Actual damages include compensation for out-of-pocket loss, other monetary losses and for impairment of reputation, personal humiliation, mental anguish and suffering. *Memphis Community School Dist. v. Stachura*, *477 U.S. 299, 307 (1986).*

## VI. Damages for Constitutional Deprivation

5. However, damages for emotional distress or anguish are not recoverable unless plaintiffs prove that the officers acted willfully or maliciously. *Seguin v. Eide, 645 F.2d 804 (9th Cir., 1981)* [1]*Citing Annot., 83 A.L.R.3d 598 (1978).*

---

[1] This decision was initially vacated and remanded by 462 U.S. 1101 (1983) for reconsideration in light of a recently decided Supreme Court case. Upon remand, the Ninth Circuit re-affirmed the original decision. *Seguin v. Eide, 720 F.2d 1046 (9th Cir. Wash. 1983).*

By their Attorneys,

/s/ Marc DeSisto
Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 22nd day of October, 2007 and is available for viewing and downloading from the ECF system and that counsel of record listed below will receive notice via the ECF system and by regular mail.

Bernard Healey, Esq.
Law Offices of Bernard P. Healy
91 Friendship Street
Providence, RI 02903
bphealy@verizon.net

/s/ Marc DeSisto
Marc DeSisto, Esq. (#2757)