UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRENDA HOGAN and RIPAWS, INC.

VS C.A.: 06-149T

WALTER BARLOW, JR., and THE CITY OF
EAST PROVIDENCE

PROPOSED JURY INSTRUCTIONS OF THE PLAINTIFF, BRENDA HOGAN

The Plaintiff
BRENDA HOGAN and
RIPAWS., INC.
By their attorney:

s/ Bernard P. Healy #2072
750 East Avenue
Pawtucket, RI 02860
(401) 721-2260

1) The Plaintiff, BRENDA HOGAN, agrees that as to 42 USC Section 1983-1st Amendment Claim against Captain Barlow, the Defendant's instructions numbered one through seven accurately state the applicable law.

2) As to the issue of municipal liability under 1983, Plaintiff concurs that the Defendant's instructions II, one through eight, accurately state the applicable law.

3) As to Defendant's requested instructions as to libel and defamation, III, the Plaintiff submits the attached additional instructions.

4) As to the Defendant's instructions regarding intentional infliction of emotional distress, Defendant's IV, the Plaintiff submits the following additional instructions.

5) As to Defendant's instructions in reference to damages, the Plaintiff agrees that Defendant's instructions adequately and accurately state the applicable law.

**III. Libel and Defamation**

1) Certain statements are libelous per se, that is they are defamatory by the very nature and meanings of the words used in the harm done to the person can be inferred from the character of those words. Statements which are defamatory in and of themselves include written words and/or communications which falsely accuse a person of criminal activity, statements detrimental to am persons business reputation, statements relating to serious misconduct. Bosler vs. Sugarman, 440 A2d 129( Rhode Island 1982).

**III. Libel and Defamation**

2.If you find from the evidence that the words spoken about Plaintiff were slanderous in and of themselves, then Plaintiff is entitled to damages without having to prove actual harm. In such a case, harm is presumed to result, necessarily, by the very utterance of the defamatory statements and it is for you, the jury, to decide the amount of compensation the Plaintiff is entitled to recover for the mental anguish, disgrace, shame, ridicule, humiliation, embarrassment, and harm to reputation that Plaintiff is presumed to have suffered. Powers vs. Carvalho, 117 Rhode Island 519, 368 A2d 1242 (1977).

In this case, you must decide if the written words which were published about the Plaintiff were defamatory. When written words are not defamatory in and of themselves you must determine if the words become defamatory when considered in connection with other circumstances whereby a defamatory meaning can be conveyed or attributed to the words by innuendo. If the statements are not defamatory on the face, you must determine if the statements are susceptible of a defamatory meaning attributed to the words by way of innuendo. Healy vs. New England Newspaper, Inc., 555 A2d 321 (Rhode Island 1989).

**IV. Intentional Infliction of Emotional Harm.**

1) We will have the following additional instruction. If you find that the circumstances of Captain Barlow's statements to Kim Casci constitute objective facts which substantiate a claim for emotional distress, you need not find, to award damages to Brenda Hogan, that there was any physical manifestation or alternately that she sought and received medical attention for emotional distress. Adams vs. Uno Restaurants, Inc., 794 A2d 489 (Rhode Island 2002); Hawkins vs. Scituate Oil Company, Inc., 723 A2d 771 (Rhode Island 1999).

The Plaintiff
BRENDA HOGAN and
RIPAWS., INC.
By their attorney:

s/ Bernard P. Healy #2072
750 East Avenue
Pawtucket, RI 02860
(401) 721-2260

CERTIFICATION

I hereby certify that on this date of October 23, 2007 a true copy of the herein was sent to Marc DeSisto, Esquire at DeSisto Law, 211 Angell Street, PO Box 2563, Providence, RI 02906-2563 by fax and hand delivery.

s/ Dorothy Healy