UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRENDA HOGAN and RIPAWS, INC.,

*Plaintiffs,*

vs.

WALTER BARLOW, JR. AND THE CITY OF EAST PROVIDENCE,

*Defendants,*

C.A. No. 06-149T

**DEFENDANTS' SUPPLEMENTAL PRETRIAL MEMORANDUM**

Defendants file this Supplemental Pretrial Memorandum to alert the Court to an anticipated evidentiary question that must be resolved in order to adjudicate the case. Defendants object to the admission of Plaintiff's proposed exhibit numbers 16 and 17. These two related exhibits consist of a recording of a portion of a telephone conversation between Kim Casci and Captain Walter Barlow on April 12, 2003 (Exhibit 17) and a transcript of that recording (Exhibit 16). Defendants object to the admission of both exhibits on the grounds of completeness under Rule 106 of the Federal Court Rules of Civil Procedure.

"The doctrine of completeness allows a party who is prejudiced by his adversary's introduction of a part of a 'document, or a correspondence, or a conversation,' to enter so much of the remainder as is necessary to explain or rebut a misleading impression caused by the 'incomplete character' of that evidence." *United States v. Shaver, 89 Fed. Appx. 529, 532 (6th Cir. 2004).* Federal Rule of Evidence 106 partially codifies this doctrine and states that:

> when a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought to in fairness to be considered contemporaneously with it.

Fed. R. Evid. 106.[1]

The Court must determine whether the omitted portion or portions are necessary by considering whether it 1) explains the admitted evidence; 2) places the admitted evidence in context; 3) avoids misleading the jury, and 4) insures a fair and impartial understanding of the evidence. *United States v. Li, 55 F.3d 325, 330 (7th Cir. 1995).*

Defendants are placed in a difficult position because Ms. Casci did not record the entire telephone conversation. The recording sought to be introduced begins during the conversation. Because the plaintiff cannot present the entire conversation, defendants are unduly prejudiced in that these missing portions are necessary to show the context in which the alleged offending statements were made by Captain Barlow. Was the conversation initially friendly? Was something related to Captain Barlow to induce his later comments? This information may explain the later comments or place it in its proper context. Relying upon witness testimony, which the jury may view as biased or defensive, to answer these questions simply do not carry the same weight as the jury hearing the entire conversation, without redaction. Quite simply, without the full conversation, the jury will not receive a fair and impartial view of the evidence and may be misled.

In *United States v. Yevakpor, 419 F.Supp.2d 242 (N.D.N.Y. 2006)*, the government sought to introduce three one-minute videotape segments of surveillance of the defendant. Defendant objected, *in limine*, on the grounds that the videotape was not

[1] Federal Rule of Evidence 611(a) "is the 'equivalent' of Rule 106 for oral statements." *Id*.

complete and only represented a small portion of entire recording. Unfortunately, the government recorded-over or erased the rest of the videotape The court excluded the videotaped segments noting that:

> Even if the video contained nothing of value to the Defense, that is something Defendant had the right to determine for himself after viewing the video as a whole. With that loss of opportunity, the Court finds the only tenable solution to be one of exclusion – exclusion of the remaining three minutes of Government-proffered surveillance video.

Id. at 247. Admittedly, there are differences between *Yevakpor* and the instant case. *Yevakpor* was a criminal case, the entire videotape did exist at one time and was subsequently taped-over or erased by the government. However, the ruling is instructive in that the missing portion - even though unknown – resulted in the exclusion of the entire videotape. The court noted that "having not saved the material, the Government has prevented the Defense and the Court from undertaking a proper evaluation of what other evidence may have existed on the missing portions of video, and whether the missing portions would place the proffered segments in a different context, assist in explaining the proffered segments, or clear up any confusion * * *". *Id. at 250 fn 4*. The instant case is no different, the failure to record the entire conversation should preclude the admission of Exhibits 16 and 17.

Defendants further note if plaintiff is relying upon the tape solely to prove her claim of slander, the tape is nevertheless inadmissible in that any slander action for these comments is barred by R.I.G.L. § 9-1-14(a)'s one (1) year statute of limitations for words spoken. As noted, *infra* the conversation at issue took place on April 12, 2003. Plaintiff did not file the instant action until 2006.

Defendants,
By their Attorneys,

/s/ Marc DeSisto

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that this document has been filed electronically on the 26th day of October, 2007, and is available for viewing and downloading from the ECF system, and that the Counsel of Record listed below will receive notice via the ECF system:

Bernard J. Healy, Esq.
Law Offices of Bernard J. Healy,
750 East Avenue, Pawtucket, RI 02860
bphealy@verizon.net

/s/ Marc DeSisto