UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRENDA HOGAN and RIPAWS, INC.

VS C.A.: 06-149T

WALTER BARLOW, JR., and THE CITY OF
EAST PROVIDENCE

PLAINTIFF'S SUPPLEMENTAL REQUEST FOR CHARGE

Now comes the Plaintiff and submits these supplemental requests to charge the jury;

1) Punitive damages can be added for malice in a libel action, and an unsuccessful plea of truth may thus enhance damages. Boston Mutual Life Insurance Company vs. Varone 303 Fed. 2d 155 (1st Circuit 1962);

2) In an action of libel, the allegation of truth of the alleged statements constitutes a reaffirmation of the libel when not substantiated to the satisfaction of the jury, and may be regarded by them as an aggravation of the wrong showing actual malice and warranting an award of punitive damages. Marley vs. Providence Journal Company, 86 Rhode Island 229, 134 A2d 180 (1957).

3) The purpose of punitive damages is to punish a party whose wrongful conduct was malicious or intentional and to deter that defendant and others from similar extreme conduct. Palmisano vs. Toth, 624 A2d 314 (Rhode Island 1993).

4) You may award punitive damages only if the defendant acted with malice, wantonness or willfulness of such an extreme nature as to amount to criminality which, for the good of society and as a warning to individuals, ought to be punished. You should award punitive damages only if defendant's conduct requires deterrence and punishment over and above that provided by an award of compensatory damages. Morin vs. Aetna Casualty and Surety Company, 478 A2d 964 (Rhode Island 1984).

The Plaintiffs
BRENDA HOGAN and
RIPAWS., INC.
By their attorney:

s/ Bernard P. Healy #2072
750 East Avenue
Pawtucket, RI 02860
(401) 721-2260

CERTIFICATION

I hereby certify that on this date of October 30, 2007 a true copy of the herein was sent to Marc DeSisto, Esquire at DeSisto Law, 211 Angell Street, PO Box 2563, Providence, RI 02906-2563 by hand delivery.

s/ Bernard P. Healy